Judge Underwood
delivered the opinion of the court.
Crouch sued Briles in assumpsit. The declaration contains four counts. Demurrers to each were sustained by the court. The questions for consideration relate to the sufficiency of the counts.
The first count, in substance, avers that the plaintiff, Crouch, rented to the defendant, Briles, a smith’s shop in Springfield, and put the defendant in possession thereof as the plaintiff’s tenant from year to year. In consideration whereof, the defendant undertook and promised to pay the plaintiff for the use, occupation and rent, of said shop, the sum of $30 a year in Commonwealth’s paper, at the end of the year. The plaintiff averred a continuation of the possession in the defendant, under this agreement, for five years, during which time he used and enjoyed the premises,
*256 The second count avers, in substance, that the plaintiff, at the special request of the defendant, permitted him to use, occupy and enjoy, another smith’s shop in Springfield, and put him in possession thereof, as a tenant from year to year. In consideration whereof, the defendant promised to pay the plaintiff for the use and occupation aforesaid, at the end of each year, so much money as he, the plaintiff, reasonably deserved to have therefor. It is then averred, that the defendant’s possession continued five years, and that the plaintiff reasonably deserved to have, for the use and occupation, $30 yearly, amounting in the whole to $150, of which the defendant had due notice, and thereupon promised to pay, &c.
The third count states, that the plaintiff, at the special request of the defendant, on the II th April, 1825, did verbally lease, rent and demise, to the defendant for one year another smith’s shop in Springfield, and did then and there put the defendant in possession thereof. In consideration whereof, the defendant then and there promised to pay the plaintiff therefor $30 in Commonwealth’s paper, to be discharged in blacksmith’s work during or at the -end of the term.
The fourth count states, that on the. 11 th April, -1830, the defendant having before that time entered and enjoyed the shop, as stated in the third count, and also having held, used and occupied said shop for a long time: towit, from the 11th April, 1826, to the day of did, in consideration of holding over, occupying and enjoying said shop, promise to pay the plaintiff for such holding over, j&c. so much money as the same was worth, whenever thereafter he should be thereunto requested. This count concludes by averring that the holding over, was worth $120, of which the defendant had due notice.
The non-performance of the promises contained in the several counts, is sufficiently and in apt form alleged. The plaintiff is entitled to recover, if the assumpsit, as set out in any of his counts, shews a good cause of action. The judgment should at least have been for him upon the demurrer to such count-
Whcyp a person take* p->5se*sion, uses and occupies land, as tenant under another, the common law raise* an assumpsit to • nay for the uso and occu* patina.
The action f'T use and ocouTvtion is is »f common law, and not of statutory, origin.
It is contended that the several counts are bad, because the promises thev contain are parol and not written, and therefore come within the operation of the statute of frauds'. This objection to the declaration cannot, prevail. The case of Kibby vs. Chitwood’s admr’s. IV. Monroe, 91, is a complete answer to it. There mav be written evidence in support of each count, signed bv the defendant, and yet such writings may not constitute a valid foundation upon which to sustain an action of covenant, under the operation of the act of 1812, raising unsealed writings t,o the grade of sealed instruments. The cjuestion whether the statute of frauds applies, cannot, therefore, be considered upon demurrer. As, therefore, each count sets out a promise founded upon sufficient consideration, we are of opinion that the demurrers should have been overruled.
/it is possible that the circuit court may have acted upon the opinion, that assumpsit for the use and occupation of lands, cannot be maintained upon the principles of the common law; and that this consideration, together with the belief that the statute of frauds applied, influenced the decisions upon the several demurrers. Such an idea, if entertained, is certainly erroneous. Where a man takes possession, uses and occupies land as tenant under another, the common law raises an assumpsit to pay for the use and occupation. This position is fully sustained by the cases of Roberts vs. Tennel, III. Monroe 253, and Eppe’s ex’rs. vs. Cole and ux. Hen. IV. and Mun. 161. In the last case, Judge Tucker reviews the English adjudications on the subject, and shews satisfactorily, that the action for use and occupation is of cotn\mon law, and not statutory, origin.
Wherefore, the judgment of the circuit court is reversed, and the cause remanded, with instructions to overrule the demurrer to each count, and for such other proceedings as are not inconsistent with this opinion, and may be necessary to decide the cause on its merits. The defendant must be allowed to withdraw his demurrers, and plead if he asks leave to do so.
M. D. McHenry, for plaintiff.
The plaintiff in error must recover his costs in this court.